## Kentucky Auto Mechanics Service Co., Inc., v Kentucky Auto Parts Co., Inc., et al.

(Decided March 2, 1937.)

·C. E. SCHINDLER and H. S. HOREN for appellant.

STEINFELD & STEINFELD and EUGENE R. ATTKISSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The Kentucky Auto Parts Company was incorporated under the laws of Kentucky in December, 1927. Samuel B. Sollish owned 47 shares of the capital stock, Benjamin G. Bloch 50 shares, and Pauline Willett 3 shares. The Kentucky Auto Mechanics Service Company was incorporated under the laws of Kentucky on September 19, 1930, and at the time this litigation arose 50 shares of stock were outstanding of which Samuel B. Sollish owned 44, Pauline Willett 3, and C. E. Schindler, 3. The Kentucky Auto Parts Company executed a deed of assignment to W. A. Stout on March 23, 1935, and the assignee immediately brought an action to settle the affairs of the company and distribute its assets among its creditors. The cause was referred to the court's commissioner to ascertain the debts against the company, and to determine the rights and priorities of the various creditors. The Kentucky Auto Mechanics Service Company presented to the commissioner, with the request that the same be allowed, its claim against the Kentucky Auto Parts Company for $7,329.29. The claim was verified by the affidavits of Samuel B. Sollish and E. P. Willett. One of the creditors of the Kentucky Auto Parts Company excepted to the claim and moved that its payment be postponed until all other claims had been paid. The exception reads:

"Now comes the Van Norman Machine Tool Company and excepts to the claim of the Kentucky Auto Mechanics Service Company, and moves to exclude said claim and to postpone same until all other claims have been ·paid, because of the identity and intimate connection of the said creditor with the Kentucky Auto Parts Company, Inc."

The commissioner sustained the exception, and disallowed the ·claim on the ground that the Kentucky Auto Mechanics Service Company was the agent or adjunct of the assignor, Kentucky Auto Parts Company, and that it should not be permitted to recover moneys advanced to its principal until all other creditors had been paid. Exceptions to the commissioner's report were filed by the Kentucky Auto Mechanics Service Company, but the circuit court overruled the exceptions and confirmed the commissioner's report, and adjudged that the claim of the Kentucky Auto Mechanics Service Company should not participate in the distribution of the assets of the assigned company until all other claims had been paid. The total receipts of the assignee were $5,120.64, and his disbursements amounted to $1,249.91, leaving $3,870.73 to be paid to the assignor's creditors. The preferred claims allowed and paid amounted to $1,339.57, which left $2,531.16 to be paid to the general creditors. General claims allowed amounted to approximately $13,500, and the commissioner was directed to pay a dividend of 18.74 per cent. on these claims. If appellant's claim had been allowed, the dividend would have been reduced to slightly more than 12 per cent. The Kentucky Auto Mechanics Service Company excepted to the ruling of the court postponing the payment of its claims and has appealed.

The itemized claim filed with the commissioner by the appellant showed that most of the indebtedness was for money advanced to the assigned corporation. Attached to the claim were the canceled checks representing the advancements. Some of these were the checks of the Kentucky Auto Mechanics Service Company, signed by Samuel B. Sollish, president, and some were his personal checks. In his affidavit accompanying the claim, Sollish stated that "the account herein claimed for and attached hereto is due for the articles or services mentioned therein, and that the same were sold and delivered, or rendered, by said claimant to

the said Kentucky Auto Parts Company, Inc., at their special instance and request and that they promised to pay the sum therein charged.'' It will be noted that the excepting creditor did not object to the amount of the claim or the form in which it was proven, but merely asked that its payment be postponed until all other creditors had been paid. The sole issue raised by the exception was whether or not the relationship of the two corporations was such as to preclude the appellant from participating with other unsecured creditors in the distribution of the assets in the hands of the assignee. The only proof on this question was offered by appellant, and is contained in the deposition of C. E. Schindler, vice president of the Kentucky Auto Mechanics Service Company. His testimony showed that Samuel B. Sollish owned 47 per cent. of the capital stock of the Kentucky Auto Parts Company, and approximately 90 per cent. of the capital stock of the Kentucky Auto Mechanics Service Company, and was the president of both corporations.

The two corporations were engaged in different kinds of business. The Kentucky Auto Mechanics Service Company was engaged chiefly in the business of lending money to garage keepers to finance the repair bills of their customers, while the Kentucky Auto Parts Company was engaged in the business of selling all types of motor equipment. The two corporations were separate entities, and the proof does not show that their connection was such as to make either the agent of the other. The fact that Sollish was president of both corporations and owned practically all of the capital stock of appellant did not make them one and the same or one the agent of the other. A creditor of a corporation who is also an officer is entitled to share ratably with other creditors, and the corporation may even give him a mortgage on its property to secure his debt if the transaction is free from actual fraud. H. B. Rice & Co. v. Miners' Elkhorn Coal Co., 234 Ky. 580, 28 S. W. (2d) 783.

The commissioner sustained the exception to appellant's claim on the authority of In re Kentucky Wagon Mfg. Co. (C. C. A.) 71 F. (2d) 802; but in that case the National Bank of Kentucky, which had filed a claim in the bankruptcy proceedings, was the owner of all of the capital stock of the bankrupt corporation and had

selected its officers and directed the management of its affairs. Under these facts, it was held that the bankrupt corporation was merely an agent or adjunct of the bank, and the principle was applied that when a corporation is so organized and controlled as to make it a mere instrumentality of another and the subsidiary becomes bankrupt, the parent corporation cannot have its claim paid until all other claims are first satisfied. The rule applicable to such situations was stated thus in Needham v. Bickford (C. C. A.) 83 F. (2d) 756, 757:

> "Postponement rests on different considerations from those governing allowance or disallowance. If a claim which has been allowed is to be postponed, the reason therefor must be found in relations between the two parties approaching an estoppel against the creditor. In re Bowman Hardware & Electric Co. (C. C. A.) 67 F. (2d) 792; E. E. Gray Corp. v. Meehan, 54 F. (2d) 223, 226 (C. C. A. 1). The character of the relations which will have this effect has not been defined further than to say that payment to one from the assets of the other in competition with the latter's general creditors will not be permitted when the circumstances are such that it would be inequitable. See Centmont Corp. v. Marsch, 68 F. (2d) 460, at pages 463, 466 (C. C. A. 1.); In re Bowman Hardware & Electric Co. (C. C. A.) 67 F. (2d) 792. It has been held that a parent corporation cannot prove in competition with outside creditors against the assets of a wholly owned subsidiary, Centmont Corp. v. Marsch, supra; and by parity of reasoning that a principal will not be allowed to prove in competition with general creditors against the assets of a person who acted wholly as his agent. In re Kentucky Wagon Mfg. Co. (D. C.) 3 F. Supp. 958, affirmed (C. C. A.) 71 F. (2d) 802. So also where one person or organization is a mere instrumentality of another person or organization, on the failure of the former the latter will not be permitted to prove against the assets in competition with general creditors. Centmont Corp. v. Marsch (C. C. A.) 68 F. (2d) 460, 466. See, too, Chicago, M. & St. P. Ry. Co. v. Minneapolis Civic & Commerce Ass'n, 247 U. S. 490, 501, 38 S. Ct. 553, 62 L. Ed 1229. To warrant postponement the practical result must be of such character as to work obvious injustice and shock the con-

science of the court, if the claim be not postponed. Cases supra.''

Neither ownership of the capital stock of one corporation by another corporation nor identity of stockholders operates, in the absence of other factors, to make either the agent of the other or creates an identity of interest between the two companies. Harlan Public Service Company v. Eastern Construction Company, 254 Ky. 135, 71 S. W. (2d) 24; Ayer & Lord Tie Company v. Com., 208 Ky. 606, 271 S. W. 693.

For the reasons indicated the judgment is reversed, with directions to sustain appellant's exception to the commissioner's report.